**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

NICHOLAS CORTEZ ADDISON                                                        PLAINTIFF

V.                                        NO: 3:15CV00026 DPM/JWC

DOES *et al.*                                                                    DEFENDANTS

## **ORDER**

Plaintiff Nicholas Cortez Addison, currently held at the Craighead County Detention Facility, filed a *pro se*[1] complaint, pursuant to 42 U.S.C. § 1983 (docket entry #1), on January 26, 2015. However, the $400.00 filing and administrative fees were not paid, and Plaintiff did not file an application for leave to proceed *in forma pauperis*.[2]   Additionally, Plaintiff's claims against Defendant Michael Lance are vague, and he has not provided full names for any other Defendants. Accordingly, if Plaintiff intends to pursue this matter, he must submit, no later than 30 days after the entry date of this order, the full $400.00 filing and administrative fees, or a properly completed application for leave to proceed *in forma pauperis*, along with a calculation sheet and certificate signed by an authorized official.  Plaintiff must also submit, no later than 30 days after the entry date of this order, an amended complaint containing the information specified in Section III of this order.

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2] Effective May 1, 2013, a $50.00 administrative fee in addition to the $350.00 filing fee has been imposed for parties who are not granted leave to proceed *in forma pauperis*.

Plaintiff's failure to pay the filing fee or file an application for leave to proceed *in forma pauperis*, or his failure to file an amended complaint as ordered, may result in the recommended dismissal of his complaint.

## I. Filing fee

Under the Prison Litigation Reform Act of 1995, a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

**If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the filing and any applicable administrative fees will be collected and no portion of the fees will be refunded to the prisoner.**

So that the Court can determine how the fees will be paid, Plaintiff is required to submit, no later than thirty (30) days after this order's entry date, either the full $400.00 filing and administrative fees, or a fully completed and signed application for leave to proceed *in forma pauperis*, including a trust fund calculation sheet and certificate signed by an authorized official. If Plaintiff is granted *in forma pauperis* status, the Court will assess an initial partial filing fee if sufficient funds exist, and will also direct the future collection of monthly installment payments from

Plaintiff's account until the $350.00 filing fee is paid in full.  *Id*. 1915(b)(1) and (2).  However, no

prisoner will be prohibited from bringing a civil action because he "has no assets and no means by

which to pay the initial partial filing fee."  *Id*. 1915(b)(4).

## II.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the

speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible

on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must

be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044

(8th Cir.2002) (citations omitted).

## III.  Plaintiff's Claims

Plaintiff asserts in his complaint that he has been denied adequate medical care.  However,

Plaintiff has not explained how Lance is involved in the denial, and he has provided only a first name

for one nurse.  Accordingly, if Plaintiff wishes to continue with this case, he must file an amended complaint which describes the role Lance had in the alleged constitutional violations, and provide full names for any other Defendants Plaintiff faults for violating his rights.  Plaintiff's failure to file the amended complaint within 30 days may result in the recommended dismissal of his complaint.

## IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to forward an *in forma pauperis* application, certificate, and calculation sheet, to Plaintiff.

2.      No later than 30 days after the entry date of this order, Plaintiff must submit the full $400.00 filing and administrative fees, or file a fully completed and signed *in forma pauperis* application, along with the trust fund calculation sheet and certificate, signed by an authorized official.  Plaintiff's failure to do so may result in the recommended dismissal of his complaint.

3.      No later than 30 days after the entry of this order, Plaintiff must file an amended complaint setting forth the information specified in Section III of this order.  Plaintiff's failure to do so may result in the recommended dismissal of his complaint.

4.      Service is not appropriate at this time.

DATED this  28th  day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE